CASE 30.—PROSECUTION AGAINST JOHN OLDHAM AND ANOTHER FOR VIOLATING THE LOCAL OPTION LAW.—April 11.

## Commonwealth v. Oldham, &c.

Appeal from Russell Circuit Court.

H. C. BAKER, Circuit Judge.

From a judgment dismissing the prosecution the commonwealth appeals. Affirmed.

Intoxicating Liquors—Local Option—Manufacturers.—A manufacturer of whisky had his distillery and bondhouse near the center of a 90-acre tract within a distillery survey and within a local option county. On the 90-acre tract, and within about six feet of the boundary line of the distillery survey, he maintained a warehouse for his whisky when

Commonwealth v. Oldham, &c.

taken out of bond. He sold at one time to one person five gallons of whisky from the warehouse. Held, that the sale was within the exception of the statute, making it unlawful to sell, by wholesale, intoxicating liquors, except manufacturers selling liquors of their own make at the place of manufacture.

N. B. HAYS, Atty. Genl. and C. H. MORRIS for Appellant.

A. A. HUDDLESTON of Counsel.

## POINTS AND AUTHORITIES CITED.

The judgment of the lower court gives this statute and proviso, the opposite meaning and effect intended by the Legislature. Under the proviso "at the place of sale" and, "at the place of manufacture," are identical and synonymous terms. The mere fact that the whisky was not made "at the place of sale," shows with unerring certainty, that the whisky was not sold "at the place of manufacture, "we insist that the Legislature used the expression "at the place of manufacture," in the sense of synonymous with "factory" or "manufactory." To say that "at the place of manufacture," means "near by etc.," is to confess and avoid.

Such a construction destroys the certainty of the act, contravenes the will of the Legislature as expressed, and leaves it for each judge to determine whether the sale was authorized or not according to his notions pro and con, on the subject of the liquor traffic. (Commonwealth of Ky. v. Holland, 104 Ky., 323; section 4224, Ky. St.; Commonwealth v. Asbery, 104 Ky. Reports, 320; Epps v. Epps, 17 Ill., App., 196; State v. Fernado, 39 La. Ann., 538; New South Brewery & Ice Co. v. Commonwealth; Creedle v. Commonwealth, 29 Ky. Law Rep., 873).

BERTRAM & PHELPS for Appellees.

## POINTS AND AUTHORITIES CITED.

We submit that the construction of the statute contended for by the Com. Atty. would defeat the plain intention of the Legislature. Under the local option law in force in Russell county the defendants had the right to sell and did sell in quantities of five gallons. The state law prohibiting the sale by wholesale in local option counties, districts, etc., contains an exception in

favor of the distiller selling liquors of his own make. If defend-
ants could not sell, as they did in this case, from their free ware-
house, they can not sell at all, and the exception in their favor
is meaningless, and they would be prohibited from selling instead
of permitted to sell, as the legislature intended to permit them
to do.   (Session Acts 1904, page 160; Session Acts 1906, page
363; Revised Statutes, U. S., sections 3287 and 3288; Ky. Statutes,
section 2558).

OPINION OF THE COURT BY JUDGE HOBSON—
Affirming.

John Oldham and P. J. Cooper were indicted by
the grand jury of Russell county for the offense of
selling by wholesale spirituous liquors at a point other
than the place of manufacture in Russell county,
where the local option act is in force.  The statute
is in these words: "Section 1. It shall be unlawful
to sell by wholesale any spirituous, vinous, malt or
other intoxicating liquors, regardless of the name by
which it is called (except manufacturers selling
liquors of their own make at the place of manufac-
ture) in any county, district, precinct, town or city,
where the sale of such liquor has been prohibited by
special act of the General Assembly, or by vote of
the people under the local option act.  Any person
violating this act shall be deemed guilty of violating
the local option law, and shall be subject to trial and
punishment according to the provisions of the same
and its amendments." On the trial the following
agreed state of facts was filed: "It is agreed by the
attorneys for the commonwealth and defendants that
the following are the facts of this case: That the
defendants are manufacturers of whisky according to
law.  That they have executed to the federal govern-
ment a bond as whisky distillers.  That their dis-
tillery is located on a tract of land known as the

'Otha Wells' land, which lies in Russell county, Ky. Said tract contains about 90 acres. That there is a small tract of eleven-sixteenths of an acre surveyed off of this tract known as the 'distillery survey.' That this tract is located near the center of the 90-acre tract. That on this small tract, or distillery survey, is located the bond house and the house or place of manufacture; that is, the house in which defendant's still is operated. That the defendants have a lease on the distillery survey, and also on the small house and lot which is located on the 90-acre tract and within about six feet of the boundary line of the government or distillery survey. That said house is used by defendants as a free warehouse and as a place for keeping their whisky after it is taken out of bond, and from which said whisky was sold by defendants. That the defendants made the sale to the witness K. J. Decker at the time alleged in the indictment. That it was a sale of five gallons all delivered at one time. That it was made by the defendants in good faith, believing that they had a right to make said sale under the law. That the defendants have a wholesale State and federal license, and had said license at the time said sale was made, which gives them a right to sell in quantities of not less than five gallons of whisky of their own manufacture at their place of manufacture. That the small house from which the sale was made is about 75 yards from the house in which the whisky distillery is located. That the whisky sold to the witness K. J. Decker was manufactured by the defendants at their distillery, and sold from their free warehouse, or small house herein referred to. That the sale was made in Russell county, a county wherein the sale of spirituous, vinous, and malt liquors has been and

then was prohibited by a vote of the people under local option act." The circuit court dismissed the prosecution, and the commonwealth appeals.

In New South Brewing & Ice Company v. Commonwealth, 123 Ky. 443, 96 S. W. 805, 29 Ky. Law Rep. 873, we said: "When the Legislature provided that it should be unlawful to sell by wholesale any spirituous, vinous, or malt liquors in any local option district, it was perceived that, if the act stopped here, great injustice would be done many persons whose manufactories were situated in local option districts, and who would thus be unable to sell their product from their warehouses at their plant. To avoid this hardship, manufacturers selling liquors of their own make were excepted out of the operation of the act. * * * What the Legislature had in mind was manufacturers manufacturing in the local option district where the sale is made. * * * We are not unaware that at the last session of the General Assembly the act of March 22, 1904 (Laws 1904, p. 160, c. 76), was amended so as to except from the operation of the act of manufacturers selling their own make at the place of manufacture. The amendment was passed to remove the doubt which had arisen as to the construction of the original act. It was simply declaratory, and added nothing to the sense of the original act."

By the laws of the United States, the whisky must be taken off of the distillery survey when it is taken out of bond, and it cannot be sold and delivered while in bond. If, therefore, the whisky cannot be sold from the free warehouse, the act above quoted will be entirely nugatory. A statute must be construed to give it a reasonable effect. Within the meaning of the statute, the place of manufacture is not the dis-

tillery survey, but the premises of the defendant where the whisky is made. The word "place" is not in ordinary speech so restricted in meaning. Thus, a homestead is the debtor's place of residence; but it includes not only the house in which the family resides, but the land about it used in connection with it, and the words are used in a like sense when one speaks of the place of a man's domicile, or when we speak of a man's place of business or place of employment, the place of payment, the place of publication, and the like. The word "place" in the statute must be taken in its common acceptation, and not in a restricted sense. It is not used as equivalent to the town or district where the manufactory is situated, but to indicate the premises on which the manufacturing is done. It includes not only the government survey, but the property about it which is used in connection with it, and is fairly a part of the plant. Judgment affirmed.